DR. JOHN T. MacDONALD FOUNDATION, INC., d/b/a Doctors' Hospital, etc., Plaintiff-Appellant,

v.

F. David MATHEWS, Secretary of Health, Education and Welfare, et al., Defendants-Appellees.

No. 75–2966.

United States Court of Appeals, Fifth Circuit.

June 23, 1977.

---

Aubrey V. Kendall, Charles C. Kline, Miami, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., John S. Berk, Asst. U. S. Atty., Miami, Fla., Robert E. Kopp, Richard A. Olderman, John M. Rogers, Appellate Sec., Civil Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

## ON PETITION FOR REHEARING

Before DYER, CLARK and GEE, Circuit Judges.

GEE, Circuit Judge:

In our opinion herein, 534 F.2d 633 (5th Cir. 1976), we concluded that the district court was granted jurisdiction of this case by Section 10 of the Administrative Procedure Act. We have withheld action on motion for rehearing pending decision by the Supreme Court of *Califano v. Sanders,* ——— U.S. ———, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In it the Court has now decided that the APA does not constitute an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action. Thus, our original opinion erred as to this supposed head of jurisdiction. In consequence, we must now decide whether, despite *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), general federal-question jurisdiction obtains here—an issue which we expressly reserved in our earlier opinion.[1] The question is close. Sustained, however, in no small measure by the reflection that the issue is both discrete and so purely legal as to permit of a summary reversal without extensive factual research if we have miscarried, we find jurisdiction exists and deny rehearing.

Beyond peradventure, the Court's decision in *Sanders, supra,* has overruled the Social Security Act cases in our circuit on which we relied in our opinion herein.[2] And as *Lejeune v. Matthews* notes, *Salfi v. Weinberger* uprooted general federal-question jurisdiction in such Social Security cases.[3] None of these authorities, however,

---

1. We do not here decide if jurisdiction under § 1331 survives *Salfi.* In *Ortego,* the court rejected § 1331 jurisdiction not because of *Salfi* but because the jurisdictional amount was not met. However, a footnote in *Lejeune,* discussing *Salfi,* intimates that § 1331 "is expressly negated as a possible source of jurisdiction by the third sentence of § 405 (h)." *Lejeune v. Matthews, supra* at 953 n.2. This may be true, but we note that in *Salfi* review was sought under § 1331 for an order that was reviewable under § 405(g), and this holding does not necessarily bar an action under § 1331 in a provider reimburse-

ment dispute that is not otherwise reviewable.
534 F.2d at 636 n.6.

2. *Ortego v. Weinberger,* 516 F.2d 1005 (5th Cir. 1975); *Lejeune v. Matthews,* 526 F.2d 950 (5th Cir. 1976).

3. "28 U.S.C. § 1331, the jurisdictional base relied upon by the district court, is expressly negated as a possible source of jurisdiction by the third sentence of § 405(h)." 526 F.2d at 953 n.2.

ours or the Court's, disposes of the question we now confront in this Medicare case.

For when the Congress confected the Medicare Act review provisions, it picked up the Social Security Act review-preclusion provision, 42 U.S.C. § 405(h), and incorporated it therein, complete with its reference to statutory judicial review "as herein provided." It omitted, however, to incorporate 42 U.S.C. § 405(g), the section which "[t]herein provided" statutory review.[4] Did Congress, by the omission of this provision for statutory review—though maintaining the original reference to it in the preclusion statute—intend that during the time-window from 1968 to 1973 there should be no review of such Medicare matters as this? The words of § 405(h) are "sweeping and direct";[5] it cannot be gainsaid that read literally they preclude *all* review. None is to be had except "as herein provided," and no review is herein provided for the Secretary's refusal to reopen and recompute the amount of reimbursement to this provider of medicare services.[6] It may be that this is the intent and mandate of Congress; *Salfi* determined that it is as to the Social Security Act cases, though as to them the statutory scheme and language is clear, round and cohesive. If so, of course, that mandate must be obeyed.

Yet the spotty review of Medicare matters resulting from Congress' failure to incorporate § 405(g), coupled with § 405(h)'s specific assumption that *some* review has been provided, leaves the mind unsatisfied when confronted with a futile statutory attempt to review the Secretary's refusal to reopen and recalculate the amount of this provider's reimbursement. And dissatisfaction grows as we contemplate an apparently wayward preclusion of statutory review during a limited time frame, an hiatus remedied when Congress got around to the matter again. Several courts have labored mightily to avoid the irrational result which a mechanical construction of this peculiar statutory collage produces.

Our own now-overruled decision in *Ortego v. Weinberger*, 516 F.2d 1005 (5 Cir. 1975), was driven to ascertain APA jurisdiction even in a Social Security Act case, where the claimant was barred from statutory review by his failure to apply for the required hearing. In *Lejeune* we refused to interpret *Salfi* as denominating § 405(g) an exclusive source of jurisdiction in those situations where § 405(g) review was unavailable:

> The claims over which review was sought in *Salfi* were ones which could be reviewed judicially, after proper procedures were followed within the agency, under § 405(g). Decisions of the Secretary which can be reviewed judicially under § 405(g) can be reviewed judicially *only* under § 405(g). § 405(g) affords no jurisdiction over the Secretary's refusal, without a hearing, to reopen on the basis of new evidence a determination of ineligibility. *Salfi* did not discuss decisions of this type . . . . .

526 F.2d at 953 n.2 (emphasis supplied). In *South Windsor Convalescent Home, Inc. v. Mathews*, 541 F.2d 910 (2d Cir. 1976), the Second Circuit concluded that *Salfi* preclud-

---

4. 42 U.S.C. § 1395ii. Instead, a severely limited judicial review was provided, confined to decisions of the Secretary which reversed or modified (adversely to the provider) a Board decision. 42 U.S.C. § 1395oo(f). This oversight, if such it was, was remedied when Congress amended the Medicare Act to establish full review of Provider Reimbursement Review Board determinations and reversals or affirmances by the Secretary in such cases as this arising on or after June 30, 1973. 42 U.S.C. § 1395oo(f)(1) (Supp. III, 1970).

5. *Salfi, supra* 422 U.S. at 757, 95 S.Ct. 2457.

6. Section 1395ff(c) provides judicial review for a decision that an institution is not a provider of services and for a decision to terminate an institution's status as a provider. Provider Reimbursement Review Board determinations are not reviewable under this section but are covered in § 1395oo. This section, when first enacted, only provided for judicial review of the Secretary's reversal or adverse modification of a Board determination. The amendment to that section in 1974 allowed judicial review of any final decision of the Board and of the Secretary's reversal, affirmance or modification of any Board decision (effective for accounting periods ending on or after June 30, 1973).

ed federal-question jurisdiction in Medicare cases like this one but found jurisdiction to review existed in the Court of Claims. This it did on reasoning that although the last sentence of § 405(h) forbade review under "section 41 of Title 28," [7] it did not speak to 28 U.S.C. § 1491, the Court of Claims provision. This analysis fails, however, to deal with what seems to us the equally preclusive language of the second sentence of § 405(h): "No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal or governmental agency except as *herein* provided." (Emphasis added). And the Eighth Circuit, in *St. Louis University v. Blue Cross Hospital Service,* 537 F.2d 283 (8 Cir. 1976), a post-*Salfi* Medicare case, refused to find complete preclusion of federal question jurisdiction by § 405(h), reasoning that constitutional claims must be reviewable despite § 405(h) language to the contrary. With respect, we think the reasoning of our Brothers' careful opinion supports a more expansive result than they reached:

> Thus, we must now return to § 405(h) to determine if it precludes our jurisdiction to entertain a due process challenge to the procedures adopted by the Secretary to determine Medicare reimbursements. Section 405(h) forbids any action under § 1331 "to recover on any claim arising under this subchapter." Appellees in *Salfi* argued that this did not bar their constitutional claims since they "arose under" the Constitution and not under the Social Security Act. The Supreme Court recognized that this argument had substance. 422 U.S. at 760, 95 S.Ct. at 2464, 45 L.Ed.2d at 536. However, it rejected the argument because
>
> > not only is it Social Security benefits which appellees seek to recover, but it is the Social Security Act which provides both the standing and the substantive basis for the presentation of their constitutional contentions. [*Id.* at 760–61, 95 S.Ct. at 2464, 45 L.Ed.2d at 536.]

The Court also indicated that its decision was influenced by the availability of fully adequate judicial review under § 405(g). The Court said:

> In the present case . . . the Social Security Act itself provides jurisdiction for constitutional challenges to its provisions. *Thus* the plain words of § 405(h) do not preclude constitutional challenges. [*Id.* at 762, 95 S.Ct. at 2465, 45 L.Ed.2d at 537 (emphasis added).]
>
> In the present case, the due process claim has as its primary goal obtaining a constitutionally adequate hearing. Allowing such a hearing will not necessarily affect the University's entitlement to reimbursement or the amount allowed. Secondly, and more importantly, the Medicare Act does not provide the University an adequate alternative means of obtaining judicial review of its due process claim.
>
> We believe that on these two grounds alone, this case is distinguishable from *Salfi,* and thus § 405(h) does not preclude our jurisdiction of count II. However, there is a third basis for distinction. Section 405(h) is incorporated into the Medicare Act only "as . . . applicable." § 1395ii. The general rule is that a statute incorporated into another "as applicable" will be read in such a manner "as will give form and effect to the statute into which it is incorporated." *Penrose v. Whiteacre,* 62 Nev. 239, 147 P.2d 887, 889 (1944), and authority cited therein. If § 405(h) were read to wholly preclude adjudication of the University's due process claim it would raise serious constitutional problems which might impair the force and effect of the Medicare Act. Therefore, we find that Congress did not intend for § 405(h) to apply to the Medicare Act in such a manner as to completely bar judicial consideration of a claim of denial of due process.

537 F.2d at 291–92 (footnote omitted).

We agree that *Salfi,* a Social Security Act case, is distinguishable from and does not

---

7. The predecessor of 28 U.S.C. § 1331, granting federal-question jurisdiction.

rule Medicare appeals. We also agree that § 405(h), incorporated into the Medicare context, should be there read in such a manner as to give rational form and effect to the workings of the Medicare scheme. We therefore hold that during the period before it provided adequate statutory review within the Medicare Act, and during that period only, Congress did not intend § 405(h) to preclude federal-question jurisdiction over such matters as this. We do so realizing that our construction is strained, but mindful as well that our duty is to seek legislative intent and not a barren form of words and in the belief that it is proper to consider the changing context of § 405(h) in ascertaining its true meaning, albeit its own words remain constant.

The motion for rehearing is DENIED.

CLARK, Circuit Judge, dissenting:

The majority is able to divine a congressional intent to grant court review of the Secretary's decisions in this Medicare matter. I am not.

The statute we interpret reads:

The provisions of sections 406 and 416(j) of this title, and of subsections (a), (d), (e), (f), (h), (i), (j), (k), and (*l*) of section 405 of this title, shall also apply with respect to this subchapter to the same extent as they are applicable with respect to subchapter II of this chapter.

42 U.S.C. § 1395ii.

To give these number and subchapter references more meaning for the reader, I have paraphrased the statute in the following manner. "The provisions of certain parts of the Social Security Act shall also apply with respect to this Medicare Act to the same extent as they are applicable there. These parts include § 405(h), which provides: 'The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.' This does not include § 405(g), which grants the right of judicial review to a broad spectrum of

the Secretary's final decisions under the Social Security Act."

We all must acknowledge that this court is bound by the United States Supreme Court's determination that for Social Security purposes the bar to judicial review of section 405(h) is "sweeping and direct" and effective. *Weinberger v. Salfi*, 422 U.S. 749, 757, 95 S.Ct. 2457, 2463, 45 L.Ed.2d 522 (1975). Indeed, the majority admits that no review may be had of the Secretary's action in the case at bar under the literal language of Congress and *Salfi*. Yet a right of court review is found.

For the accounting periods relevant to this provider reimbursement dispute, 42 U.S.C. § 1395ff(c) provided: "Any institution . . . dissatisfied with any determination by the secretary that it is not a provider of services, or with any determination [by the Secretary that an institution, which has qualified as a provider of services, is no longer eligible to maintain its provider status], shall be entitled . . . to judicial review of the Secretary's final decision . . . as is provided in Section 405(g) of this title [*i. e.*, 42 U.S.C. § 405(g)]." Because of the disparity of these review rights in contrast to that specified in Social Security matters, the majority treats the omission of § 405(g) from the list of Social Security Act provisions which were expressly incorporated as an "apparently wayward" congressional oversight which Congress later remedied by adopting 42 U.S.C. § 1395oo(f). The majority draws sustenance for its position from the mightily labored efforts of some courts to find the power to review despite this legislative error.

Yet I do not see the congressional action in not listing § 405(g) among those sections included in 42 U.S.C. § 1395ii as necessarily evidencing a mistake. Congress *did* incorporate § 405(g) into the Medicare Act. See 42 U.S.C. § 1395ff(c). Congress limited the courts' right to review under 42 U.S.C. § 405(g), however, to the two classes of determinations of the Secretary that are expressly set forth in 42 U.S.C. § 1395ff(c). Thus § 405(g)'s "omission" from 42 U.S.C.

§ 1395ii makes perfectly good sense: It was incorporated into another portion of the Act. That Congress initially precluded judicial review of provider reimbursement disputes but later chose to permit such review does not suggest that its initial decision was irrational. The desirability of assuring the correctness of the Secretary's decisions by allowing judicial review could well have been overbalanced in the legislative mind by the need for finality and economy of administration in this remedial Act.

The judicial role of inferior federal courts is limited to the jurisdiction expressly conferred by Congress. I see a great portent for danger to this basic concept if we are able to imply jurisdiction because we think it ought to exist where Congress has literally given none. Because I am convinced the majority exceeds its interpretive license, I respectfully dissent.