DR. JOHN T. MacDONALD FOUNDA-TION, INC., d/b/a Doctors' Hospital, a Florida Corporation not for profit, Plaintiff-Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Blue Cross Association, an Illinois Corporation and Blue Cross of Florida, Inc., a Florida Corporation, Defendants-Appellees.

No. 75–2966.

United States Court of Appeals, Fifth Circuit.

April 17, 1978.

Charles C. Kline, Aubrey v. Kendall, Miami, Fla., for plaintiff-appellant.

Arthur R. Chenen, Los Angeles, Cal., for Memorial, Inc., etc., et al.

Robert W. Rust, U. S. Atty., John S. Berk, Asst. U. S. Atty., Miami, Fla., Robert E. Kopp, Appellate Sec., Richard A. Olderman, John M. Rogers, Civil Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before BROWN, Chief Judge, and COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, MORGAN, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN, and VANCE, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

In this action the appellant appeals the grant of summary judgment in favor of appellees. The issue, *en banc*, is whether jurisdiction exists in the federal district court to review decisions of the Secretary of HEW awarding reimbursement under the Medicare Act, 42 U.S.C. § 1395 *et seq.* In its two previous appellate appearances, the panel had held that the district court had review jurisdiction and had reversed the summary judgment. Because we hold that Congress precluded the review of the Secretary's decision, we vacate the panel's decision, dismiss, and transfer.

The appellant Foundation is a hospital acting as a "provider of services" as defined in the Medicare Act, 42 U.S.C. § 1395ii. As provided by the Medicare Act, providers are reimbursed through a fiscal intermediary for costs incurred in treating Medicare recipients. In the instant case, the dispute centers on whether income reduces reimbursable cost. From 1967 until 1972, the hospital leased a portion of its premises to a group of radiology physicians. The members of the group were the sole obligors of the lease obligation. During the vitality of the lease, all direct costs of the leasehold and the leasehold's pro rata share of indirect costs of the hospital were allocated to the gross rental income. In its reports to the Secretary, the hospital excluded all costs allocated to the leased operations and also excluded the net income realized. The Secretary took the position that the lease could not be segregated and reduced the hospital's reimbursement of costs under the Medicare Act by the amount of the net rental income received from the lease. Appellants contend that the Secretary misinterpreted the regulation[1] governing this situation, that the Secretary lacked authority to promulgate the regulation if the Secretary's interpretation is upheld, and, pressed for the first time on appeal, that the Secretary's action in reducing reimbursement costs constituted an unconstitu-

1. 20 C.F.R. § 405.486(b)(1) (1974).

tional denial of substantive due process.[2] After exhausting their administrative remedies, appellants brought suit below and the court granted appellee's petition for summary judgment on the merits. The substantive issue for the instant litigation is the correctness of the Secretary's method for determining cost. The issue considered by this court, on appeal, however, is whether the district court had jurisdiction to review the Secretary's determination.

The question can be framed quite simply: Does 42 U.S.C. § 405(h), incorporated by reference into the Medicare Act by 42 U.S.C. § 1395ii, preclude district court review of a decision by the Secretary? To answer this question the statutory methodology of the Medicare Act must be briefly examined. When Congress created the Medicare Act, it selected and incorporated by reference the preclusion of review section of the Social Security Act, § 405(h), in its entirety. Section 405(h) provides:

> The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter.

Because § 1331 was previously codified as a subsection of § 41 of Title 28, § 405(h) purports to preclude review under federal question jurisdiction. Congress did not, however, incorporate § 405(g) which provides the review machinery referred to in 405(h) "as herein provided." Because we

normally presume the review power to exist in inferior federal courts, the question becomes whether Congress intended by this combination of expression and omission, to preclude review.

In the two previous panel opinions, the court held that review jurisdiction existed in the district court. Although the result was the same, the paths taken were different. In the first decision, reported at 534 F.2d 633 (1976), the court held that § 10 of the A.P.A. provided the district court with jurisdiction to review agency decisions. The court based its holding on the doctrine that if review procedures are statutorily provided they are exclusive, but if no mechanism is provided then non-statutory methods are available. The Supreme Court quickly disabused us of that notion, however, in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), holding that § 10 does not provide an independent source of subject matter jurisdiction to review agency actions. The Court based its holding on the recent expansion of § 1331(a) jurisdiction that obliterated any necessity for § 10 review jurisdiction and therefore evidenced Congress' intent that § 10 was not an independent source of jurisdiction. *Sanders* necessitated the second panel attempt, reported at 554 F.2d 714 (1977). The court again held that review jurisdiction existed, not under the A.P.A., but pursuant to 28 U.S.C. § 1331, the basic grant of federal question jurisdiction. Although the court held that § 1331 provided jurisdiction, the court limited the availability of such review to the "time window" from 1968 until the Congress expressly provided review machinery in 1973.[3] Again the Supreme Court has provided us with assistance, however. In *Weinberger v. Salfi*, 422

---

**2.** Of course we do not address this issue in the course of this appeal and could not. *See Shelley v. Kraemer*, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1947). We do, however, recognize that leave to amend their complaint to reflect their constitutional claim could be granted. Because the existence of a constitutional claim is pertinent to the question of preclusion of review, we will analyze the preclusion of review issue recognizing that appellant does have a claim of constitutional magnitude.

**3.** In 1973, Congress established the Provider Reimbursement Review Board to resolve controversies between providers and intermediaries. The amendment creating the Board is effective only for accounting periods ending on or after June 30, 1973. 42 U.S.C. § 1395oo (Supp. III 1970).

U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Court held that § 405(h) precludes district court review of Social Security Act awards. The Court held not only that § 1331 review of the merits of the award was unavailable, but also that constitutional claims were precluded. Hence, this *en banc* determination.

The evolution of this issue in our court is reflected in the varied treatments of the same issue in the other forums. The Eighth Circuit has held that although § 405(h) precludes review of agency findings of fact and law, § 405(h) does not preclude jurisdiction to entertain constitutional claims. *St. Louis University v. Blue Cross Hospital Service*, 537 F.2d 283 (8th Cir. 1976), *cert. denied*, 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (1977). The Second and Seventh Circuits have determined that § 405(h) precludes district court review of all claims arising under the Medicare Act, including constitutional claims. They did "hold," however, that review jurisdiction exists in the Court of Claims.[4] *South Windsor Convalescent Home, Inc. v. Mathews*, 541 F.2d 910 (2d Cir. 1976); *Trinity Memorial Hospital of Cudahy, Inc. v. Associated Hospital Service, Inc.*, 570 F.2d 660 (7th Cir., decided Dec. 16, 1977). To complete the spectrum, the Court of Claims has held that jurisdiction exists in the Court of Claims pursuant to 28 U.S.C. § 1491 to review the Secretary's decision, at least as to law and constitutional claims, despite § 405(h). *Whitecliff, Inc. v. United States*, 536 F.2d 347 (Ct.Cl.1976), *cert. denied*, 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977).

These decisions were necessitated by and based upon the Supreme Court decision in *Weinberger v. Salfi, supra.* In *Salfi*, although the Court did not analyze § 405(h) in the Medicare context, the Court did hold that § 405(h) precludes district court review of claims arising under the Social Security Act, from which § 405(h) was lifted. Plaintiffs brought a class action, styled under § 1331, claiming the statute denying benefits to widows married less than nine months to the deceased wage earner to be unconstitutional. Although the claim in *Salfi* was styled under the Constitution, the Court held that because the Social Security Act provided both the remedy and the right, the claim, even though the constitutional magnitude, arose under the Social Security Act. The Court concluded that because § 405(h), on its face, precluded § 1331 review of any "action," the language included not only preclusion of review on the merits of the award but also of constitutional claims.

■ Of course, because the instant litigation arose under the Medicare Act, *Salfi* is not binding on us. We are not convinced, however, that factors sufficiently distinguishing the instant case from the *Salfi* situation exist to warrant a different result.[5] In *Salfi*, the Court made it abundantly clear that the presence of a constitution claim will not overcome the statutory preclusion of review and that neither the merits nor the constitutional claim will be reviewed. Additionally, the legislative history of both § 405(h) and § 1395ii of the Medicare Act support this view. As discussed *supra*, although Congress expressly incorporated § 405(h) by reference, they failed to incorporate § 405(g) which provides the administrative and judicial review procedures for the Social Security Act. Assuming that when Congress incorporates sections specifically they intend to eschew the remainder, the conclusion is inescapable that § 405(h) was intended to preclude all review. We therefore hold that § 405(h), incorporated into § 1395ii of the Medicare Act, precludes all review of the Secretary's decisions by federal district courts brought under § 1331.

Because we hold that § 405(h) precludes review of appellant's claim in district court,

---

4. Can they do this? See n.7 *infra* and accompanying text.

5. The major factor distinguishing the two situations is the absence of § 405(g) in the Medicare Act machinery. Because jurisdiction exists in the Court of Claims, the importance of the absence of § 405(g) is mitigated.

we are forced to address appellant's claim that § 405(h) unconstitutionally denies due process to claimants precluded from seeking review of constitutional claims. This claim was not faced by the Supreme Court in *Salfi* because § 405(g) existed to provide review of constitutional claims arising under the Social Security Act. Because § 405(g) was not incorporated into the Medicare Act, its machinery is not available to review constitutional claims. Appellant bases this constitutional claim on *Califano v. Sanders, supra,* in which the Supreme Court held that § 10 of the A.P.A. was not an independent grant of jurisdiction. In dictum, the Court recognized that a statute precluding all review of constitutional claims would raise a serious constitutional question of the validity of the statute.[6] *See also Weinberger v. Salfi,* 422 U.S. at 762, 95 S.Ct. 2457; *Johnson v. Robison,* 415 U.S. 361, 366–67, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). Additionally, as the court stated in *Sanders,* because the availability of judicial review over constitutional claims is presumed, the presumption would be rebutted only by "clear and convincing" evidence of Congress' intent. 430 U.S. at 109, 97 S.Ct. 980; *Johnson v. Robison,* 415 U.S. at 366–67, 94 S.Ct. 1160.

■ Happily, we need resolve neither Congress' intent to preclude review of constitutional claims nor the constitutionality of a statute so construed. We would face these issues only if *all* avenues of review were precluded. In *Whitecliff,* however, the Court of Claims determined it to have jurisdiction to review claims arising under the Medicare Act. This is a holding that we are powerless to overturn. The Court of Claims is an Article III court empowered to entertain constitution claims. 28 U.S.C. § 1491. *See Miles v. Graham,* 268 U.S. 501, 45 S.Ct. 601, 69 L.Ed. 1067 (1925). More-

over, we have no review authority over the Court of Claims. 28 U.S.C. § 1255, 28 U.S.C. § 1291. Therefore, we have no authority to overturn the Court of Claims' determination of the scope of its own jurisdiction. Although we could hold that Congress intended § 405(h) to preclude review in all inferior federal courts, including the Court of Claims, such a holding would not be binding on the Court of Claims.[7] *Heaven Hill Distilleries, Inc. v. United States,* 476 F.2d 1327, 1335, 201 Ct.Cl. 423 (1973). Thus, as a matter of fact, all review is not precluded and therefore the constitutionality of § 405(h) is not drawn into question.

■ Our finding that all review is not precluded would be cold comfort to appellant if, as a practical matter, another forum were unavailable because of a statute of limitations. Therefore, we transfer this case to the Court of Claims, pursuant to 28 U.S.C. § 1406(c). Although this statute purports to limit the transfer power to the district court, we are convinced that Congress did not intend to prevent transfer directly from the appellate court. Direct transfer not only furthers the policies behind § 1406, but also comports with the precepts of judicial economy.[8] Because we are persuaded that the interests of justice are furthered by transfer, we so order.

Dismissed and transferred.

RONEY, Circuit Judge, dissenting:

I respectfully dissent for the reasons stated in the panel opinion. *Dr. John T. MacDonald Foundation, Inc. v. Mathews,* 554 F.2d 714 (5th Cir. 1977). The *en banc* court having decided the district court lacks jurisdiction, however, I would concur in the transfer of the case to the Court of Claims, which has decided it does have review jurisdiction in such cases. *Whitecliff, Inc. v.*

---

**6.** At least as far as Supreme Court review, it would seem this question would be answered by *Marbury v. Madison,* 5 U.S. 137 (1 Cranch 137, 1803), 2 L.Ed. 60.

**7.** Because the Court of Claims is free to disregard a holding circumscribing their jurisdiction, any such determination would be an exercise in futility.

**8.** *See Panhandle Eastern Pipe Line Co. v. Federal Power Commission,* 343 F.2d 905 (8th Cir. 1965); *Panhandle Eastern Pipe Line Co. v. Federal Power Commission,* 337 F.2d 249 (10th Cir. 1964).

*United States*, 536 F.2d 347 (Ct.Cl.1976), *cert. denied*, 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977). The check-and-balance theory that validates our system of government mandates against non-reviewable executive decisions.

GEE, Circuit Judge, with whom DYER, Circuit Judge, joins dissenting:

This seems to me a very close and difficult case. However, despite the well-reasoned majority opinion and the tolerable result that it reaches, I would adhere to the panel's disposition. *Dr. John T. MacDonald Foundation v. Mathews*, 554 F.2d 714 (1977). I therefore respectfully dissent.

JAMES C. HILL, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority's holding that § 405(h) precludes district court review of the appellant's claim. I disagree most heartily, however, with the majority's transfer of this cause of action to the Court of Claims. The majority's own analysis proves that the Court of Claims has no jurisdiction to review the appellant's claim. The language of § 405(h) clearly shows the congressional intent to preclude all courts from reviewing claims such as the appellant's:

> The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by *any* . . . tribunal . . . except as herein provided. (emphasis supplied)

In *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Supreme Court interpreted this language as precluding all review of the Secretary's decisions except as provided in § 405(g). 422 U.S. at 757, 95 S.Ct. 2457. Section 405(g) provides for neither district court nor Court of Claims review. Any doubt that could possibly remain as to Congress' intent is resolved by the legislative history of the Medicare Act.

The majority states that we are bound by the Court of Claims' determination that it has jurisdiction to review the Secretary's decision despite § 405(h). This Court is no more bound by decisions of the Court of Claims than the Court of Claims is bound by this Court's decisions. *See Trinity Memorial Hospital of Cudahy, Inc. v. Associated Hospital Service, Inc.*, 570 F.2d 660 (7th Cir. decided Dec. 16, 1977); *South Windsor Convalescent Home, Inc. v. Mathews*, 541 F.2d 910, 914 (2d Cir. 1976); *United States v. Northside Realty Associates, Inc.*, 518 F.2d 884, 886 (5th Cir. 1975), *cert. denied*, 424 U.S. 977, 96 S.Ct. 1483, 47 L.Ed.2d 747 (1976); *United States v. Diamond*, 430 F.2d 688, 691–92 (5th Cir. 1970). *See also Thornton v. Toyota Motor Sales, U.S.A. Inc.*, 397 F.Supp. 476, 477 (N.D.Ga.1975); *Johnson v. Helicopter & Airplane Services Corp.*, 389 F.Supp. 509, 522–25 (D.Md.1974).

It seems to me that this issue comes down, in the final analysis, to a simple proposition. If we accept the Court of Claims' analysis of review jurisdiction, then we must find that the district court has similar jurisdiction. Our correct conclusion, though, is that review is precluded. We thus respectfully disagree with that distinguished Court. We conclude that, under the law enacted by the Congress, neither it nor this Court has jurisdiction. It is not judicial business to wish so earnestly that the appellant had a judicial forum that we send his case to a court which erroneously concludes that it can provide one.

Therefore, I must respectfully dissent from the majority's transfer of this cause to the Court of Claims.