**MOODY NURSING HOME, INC.,**
**Plaintiff-Appellant,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 77–1322**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1978.

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Cleburne E. Gregory, III, Atlanta, Ga., for plaintiff-appellant.

John W. Stokes, Jr., U. S. Atty., Julian M. Longley, Jr., Asst. U. S. Atty., Atlanta, Ga., Richard A. Olderman, Robert E. Kopp, Barbara Allen Babcock, Asst. Atty. Gen., Civ. Div., Appellate Section, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

This is an action seeking judicial review of an administrative determination limiting certain items of Medicare reimbursement to plaintiff nursing home under Title XVIII of the Social Security Act, 42 U.S.C.A. §§ 1395 *et seq.*

Acting prior to the Supreme Court decision in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the trial court asserted jurisdiction under the Administrative Procedure Act, 5 U.S.C.A. §§ 701 *et seq.,* relying on two decisions in this Circuit, *Gallo v. Mathews,* 538 F.2d 1148 (5th Cir. 1976), *modifying and withdrawing opinion* in 534 F.2d 1137 (5th Cir. 1976), and *Dr. John T. MacDonald Foundation, Inc. v. Mathews,* 534 F.2d 633 (5th Cir. 1976). The trial court ruled against plaintiff nursing home and for the agency on the merits.

Subsequently, the Supreme Court in *Califano v. Sanders, supra,* held that the Administrative Procedure Act does not afford an independent source of jurisdiction to review agency decisions. Thus, the ground for jurisdiction found by the trial court was erroneous.

The nursing home has asserted in its brief in this Court that the district court had federal question jurisdiction pursuant to 28 U.S.C.A. § 1331, even though it erroneously asserted jurisdiction under the Administrative Procedure Act. This ground of jurisdiction was upheld in the second panel decision of *Dr. John T. MacDonald Foundation, Inc. v. Mathews,* 554 F.2d 714 (5th Cir. 1977).

Unhappily for plaintiff, this Court reheard *MacDonald* en banc, reversed the panel decision, and held that district courts do not have § 1331 federal question jurisdiction to review decisions of the Secretary of Health, Education and Welfare made under 42 U.S.C.A. §§ 1395 *et seq. Dr. John T. MacDonald Foundation, Inc. v. Califano,* 571 F.2d 328 (5th Cir. 1978) (en banc).

The decision of the district court on the merits must be vacated. The complaint should have been dismissed. Following the guidance of the en banc court in *MacDonald, see* 571 F.2d at 332, we order that this case be transferred to the Court of Claims pursuant to 28 U.S.C.A. § 1406(c).

VACATED AND TRANSFERRED.