UNIHEALTH SERVICES
CORPORATION

v.

Joseph P. CALIFANO, in his official capacity as Secretary of Health, Education and Welfare of the United States, et al.

Civ. A. No. 77–3001.

United States District Court,
E. D. Louisiana.

Feb. 7, 1979.

Donna D. Fraiche, New Orleans, La., for plaintiff.

Edith S. Marchall, Dept. of Health, Education & Welfare, Washington, D. C., Henry R. Goldberg, Dept. of Health, Education & Welfare, Baltimore, Md., for defendants.

## MEMORANDUM AND ORDER

JACK M. GORDON, District Judge.

Plaintiff, Unihealth Services Corporation, is a private professional management and consulting firm specializing in the rendering of service to nonprofit home health agencies (as providers) as those entitled are so defined in the Medicare Act. 42 U.S.C. § 1395x(m). Unihealth has serviced 25 provider clients pursuant to a contract with each individual home health agency wherein a unified charge is billed for various services rendered based on the percentage of gross billings of the respective agencies as set out in the agreement. Among the services provided by Unihealth are professional consultation and orientation programs, data processing services, guidance in financial matters, and assistance in audit procedures conducted by fiscal intermediaries as agents of the Department of Health, Education and Welfare. The Department of Health, Education and Welfare has responsibility for administering the Medicare program, and in fulfilling those duties, promulgates regulations and establishes policy relating to the administration of the Medicare program. Unihealth is presently attacking certain administrative practices and policies of the Department of Health, Education and Welfare.

From 1969 through 1976 Medicare officials recognized Unihealth as a manage-

ment company under policy considerations set out in the Provider Reimbursement Manual. Medicare officials, in making their determination as to the reasonableness of cost regarding Unihealth's services to the providers, scrutinized those costs under guidelines found appropriate to management companies. From 1970 until November, 1976, the fees Unihealth charged its clients were found to be within the principles of reimbursement and thus allowed.

In 1977, Medicare officials made a policy determination that Unihealth should be regarded as a franchisor under the Provider Reimbursement Manual rather than as a management company. Plaintiff has now attacked on constitutional grounds the legality of such a policy determination, of the method of promulgating that determination, and of the manner in which the policy decision was applied.

As alleged by plaintiff, in 1968 officials of Medicare began to review the status of the plaintiff in an effort to make a policy determination as to whether Unihealth should be regarded as a management company or as a franchisor under the Provider Reimbursement Manual. Plaintiff claims that such a review was made without the knowledge of its representatives. Purportedly without giving plaintiff legal notice of any meetings, officials of Medicare met and reached a policy decision that Unihealth should be treated as a franchisor when Medicare officials make a determination on reimbursement. Under § 2133 of the Provider Reimbursement Manual, franchise fees are allowable only to the extent that they are not out of line with costs of similar services provided by nonfranchise organizations. This section requires that providers establish the cost of each of the specific services provided by the franchisor. It requires exclusion of any additional fees relating to the franchisor's trademark or reputation which are purportedly not related to patient care.

As a result of this policy determination recognizing Unihealth as a franchisor, the plaintiff contends that those standards applicable to franchisors in determining reasonable costs, were applied retroactively to those years when plaintiff was operating as a management corporation as designated by the Medicare Act (also referred to as "Act"). Retroactive application of standards relating to franchisors purportedly altered the condition under which plaintiff was operating in the following manner:

(1) That Medicare officials retroactively conducted a more rigorous scrutiny of Unihealth's cost report than was required when Unihealth was accorded management status;

(2) That Unihealth was required to provide itemized cost statements of each individual service rendered to a provider whereas in the past under standards applicable to management corporations, it did not have to itemize costs as to individual services;

(3) That under the franchisor standards, and as referred to above, Unihealth was forced to retroactively utilize more onerous accounting procedures in setting out the costs of the services rendered;

(4) That the presumption that all costs and services stated by a management corporation are reasonable was substituted for the franchisor presumption that all costs and services rendered are not reasonable and must be proven by detailed documentation.

Plaintiff contends that as a result of this retroactively applied policy determination recognizing it as a franchisor, Unihealth's provider clients have withheld almost all payments outstanding to Unihealth in the full amount of $800,000.

In summarizing its contentions, Unihealth alleges, in the main, that the defendant has infringed its due process rights under the Fifth Amendment of the United States Constitution: (1) by singling out the plaintiff in an attempt to regulate it under the Medicare Act without allowing plaintiff any administrative review or judicial review as provided by the Medicare Act; (2) by failing to give plaintiff guidelines further defining "reasonable cost" pursuant to Title 20, Code of Federal Regulations, § 405.501, et seq.; (3) by failing to give the

plaintiff proper or legal notice that its charges for services would be disallowed based on retroactively applied policy decisions affecting cost reports for the years 1976, 1975 and 1974; (4) by retroactively applying the policies, practices, actions, and determinations of defendant so as to force plaintiff out of its professional practice thereby proscribing its ability to engage in its profession; (5) by denying plaintiff the right to a hearing relative to the issue of its status as a franchisor, though defendant's precedential policy determination had the adverse effect of depriving Unihealth of its presumption of having submitted reasonable costs on a unified basis.

On a motion to dismiss brought pursuant to FRCP 12(b)(1), the Department of Health, Education and Welfare of the United States sought to dismiss the action on grounds that (1) the plaintiff lacks standing in this action so as to make it a case or controversy subject to a federal court's Article III jurisdiction under the United States Constitution; and (2) that this Court does not have subject matter jurisdiction of the case in that Section 405(h) of the Social Security Act, incorporated into the Medicare provisions at 42 U.S.C. § 1395ii, prevents this Court from exercising any judicial review over the particular claims presented by plaintiff. Section 405(h) reads as follows:

> The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter.

After oral argument on the issues, and post argument briefing, this Court took the Rule 12 motion under submission, and by written memorandum dated March 31, 1978, 448 F.Supp. 1059, the Court denied the motion to dismiss concluding that plaintiff had standing and that the Court had federal-question jurisdiction to entertain constitutional claims against the Medicare Act and regulations promulgated pursuant to the Act. This Court relied heavily on the decisions in *Dr. John T. MacDonald Foundation, Inc. v. Mathews,* 554 F.2d 714 (5th Cir. 1977) and *St. Louis University v. Blue Cross Hospital Service,* 537 F.2d 283 (8th Cir. 1976).

In preparation for trial, the parties formulated a detailed pretrial order. In paragraph 5 of the pretrial order, defendant stated that it would ask the Court to reconsider the motion to dismiss.

The trial of this matter commenced on June 19, 1978. At the completion of the trial, the defendant orally requested that the Court reconsider its earlier ruling on the motion to dismiss, since the Fifth Circuit in an en banc decision had reversed its position in *Dr. John T. MacDonald Foundation, Inc. v. Mathews, supra. Dr. John T. MacDonald Foundation, Inc. v. Califano,* 571 F.2d 328 (5th Cir. 1978). After allowing additional oral argument on the motion to reconsider and inviting the parties to file post-trial memoranda should they desire, this Court took the motion to reconsider and the issues raised at trial under submission.

Consideration of the Fifth Circuit en banc decision in *MacDonald Foundation, Inc., supra,* and its more recent decision in *The American Association of Councils of Medical Staffs of Private Hospitals, Inc. (CMS) v. Califano,* 575 F.2d 1367 (5th Cir. 1978) leads to the inescapable conclusion that this Court has no federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the present action.

In its original memorandum and order, this Court found the reasoning in *St. Louis University, supra,* highly persuasive, where that Court concluded that the Medicare Act [§ 405(h) of the Social Security Act] could not be read to preclude all judicial review of constitutional claims against the Act. In that case, St. Louis University as a representative of a provider brought an action pursuant to 28 U.S.C. § 1331 challenging the constitutionality under the due process

clause of certain regulatory procedures used. Allegedly, the Department of Health, Education and Welfare utilized a provider appeals committee with the majority of its membership composed of officers or employees of the very agency whose initial decision was being appealed. Undoubtedly these members had an institutional interest in the outcome.

The Department of Health, Education and Welfare took the position that judicial review of the due process claim was barred by § 405(h) and administrative review was precluded by an agreement between Health, Education and Welfare and Blue Cross which established the provider appeals committee. Health, Education and Welfare stated that it would not review the appeal committee's decision even when a provider asserted that the committee had blatantly ignored governing statutes, regulations, and constitutional requirements. The Eighth Circuit agreed with the district court's conclusion that St. Louis University could bring a due process claim challenging certain procedures of the Medicare Act under federal-question jurisdiction. In doing so, the Eighth Circuit stated three reasons for concluding that jurisdiction existed under 28 U.S.C. § 1331. First, the Court decided that the due process claim arose primarily under the Constitution rather than under the Medicare Act so that the last sentence in Section 405(h) did not apply to such claims. St. Louis University was primarily seeking a constitutionally adequate hearing and not a declaration of entitlement to reimbursement. Second, the Court recognized that the Medicare Act failed to provide an adequate alternative means of obtaining judicial review of St. Louis University's due process claim. The Court found that this ground alone distinguished the case from *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) where the Supreme Court held that a federal court had no federal question jurisdiction over a constitutional claim attacking a Medicare Act regulation. Third, the Court merely reasserted the caveat raised by other courts considering similar issues involving jurisdiction under Medicare;

reading Section 405(h) to wholly preclude the adjudication of a party's due process claim would raise serious constitutional problems concerning the Medicare Act.

It was then clear to this Court that the reasoning of the Court in *St. Louis University, supra,* was applicable to the present matter since Unihealth was primarily seeking to obtain due process rights rather than the right to reimbursable fees, and was being denied any judicial review procedure under the Medicare Act. A reading of Section 405(h) to preclude any judicial review of these constitutional claims appeared to raise particularly grave constitutional questions concerning the Medicare Act since Unihealth had previously been denied all access to administrative as well as judicial review under the Act.

The Fifth Circuit in the second panel consideration of *MacDonald Foundation, Inc.,* 554 F.2d 714 (5th Cir. 1977) sought to determine whether any jurisdictional grounds existed for entertaining a provider's claim against Health, Education and Welfare to compel the Secretary to pay over disallowed reimbursements. The Supreme Court had previously overturned the first *MacDonald Foundation, Inc.* panel decision that jurisdiction existed under the Administrative Procedure Act. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In concluding that Congress did not intend Section 405(h) to preclude federal-question jurisdiction over such claims as brought by MacDonald Foundation, Inc., the Fifth Circuit recognized the propriety of the *St. Louis University* Court's reasoning as it applied to constitutional claims against the Medicare Act of the type brought by St. Louis University. The Court stated:

And the Eighth Circuit, in *St. Louis University v. Blue Cross Hospital Service,* 537 F.2d 283 (8 Cir. 1976), a post-*Salfi* Medicare case, refused to find complete preclusion of federal question jurisdiction by § 405(h), reasoning that constitutional claims must be reviewable despite § 405(h) language to the contrary. With respect, we think the reasoning of our

Brothers' careful opinion supports a more expansive result than they reached: (citing *St. Louis University* reasoning verbatim.) (554 F.2d at 717)

In an en banc decision, the Fifth Circuit in *MacDonald Foundation, Inc. v. Joseph A. Califano*, 571 F.2d 328 (1978) reversed the second panel's decision by concluding that § 405(h) precluded federal-question jurisdiction to review decisions by the Secretary of Health, Education and Welfare awarding reimbursement under Medicare. In arriving at this end, the Court analyzed the preclusion of review issue while recognizing that the appellant was seeking to bring a constitutional claim as well as a claim for reimbursement. Though the provider was alleging a constitutional claim and had no procedure for judicial review under the Medicare Act, the Court still reached this conclusion:

> Assuming that when Congress incorporates sections specifically they intend to eschew the remainder, the conclusion is inescapable that § 405(h) was intended to preclude all review. We therefore hold that § 405(h), incorporated into § 1395ii of the Medicare Act, precludes all review of the Secretary's decisions by federal district courts brought under § 1331. (571 F.2d at 331)

Not only did the Fifth Circuit reverse its second panel decision, but it appears to have rejected the reasoning in *St. Louis University, supra*. The Court summarized the Eighth Circuit's position as follows:

> The Eighth Circuit has held that although § 405(h) precludes review of agency findings of fact and law, § 405(h) does not preclude jurisdiction to entertain constitutional claims. *St. Louis University v. Blue Cross Hospital Service*, 537 F.2d 283 (8th Cir. 1976), cert. denied, 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (1977). (*MacDonald Foundation, Inc. Califano*, 571 F.2d at 331.)

As reflected in its own decision on the issue, the Fifth Circuit disagreed with the Eighth Circuit's position and presumably that Court's reasoning. While the Fifth Circuit's interpretation of Section 405(h) required that it then address MacDonald Foundation, Inc.'s claim that Section 405(h) unconstitutionally denies due process to claimants precluded from seeking review of constitutional claims, a caveat that the Court in *St. Louis University, supra*, had raised, the Court avoided this showdown by concluding that judicial review was available elsewhere. The Court found that the Court of Claims had determined that it has jurisdiction to review claims arising under the Medicare Act. *White Cliff Inc. v. United States*, 536 F.2d 347, 210 Ct.Cl. 53 (1976), cert. denied, 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361. While apparently recognizing that such jurisdiction was established on treacherous grounds, the Fifth Circuit stated that it was powerless to overturn such a determination by the Court of Claims. The Court then transferred the case to the Court of Claims, pursuant to 28 U.S.C. § 1406(c).

Certainly, persistent arguments could have been made in an attempt to distinguish the factual circumstances of *St. Louis University, supra*, and *MacDonald Foundation, Inc., supra*, and even stronger arguments could have been made to distinguish the Unihealth matter from *MacDonald Foundation, Inc., supra*. The provider in *St. Louis University, supra*, was making a constitutional claim against the denial of a hearing and not primarily against a decision denying reimbursement. Since MacDonald Foundation, Inc.'s claim was directed to the reimbursement decision, that party was not in a strong position to argue that the claim did not arise under the Medicare Act.

Unihealth can present several factors arguably distinguishing its position from that of MacDonald Foundation, Inc. First, Unihealth is a nonprovider and not a provider under the Medicare Act. Second, Unihealth has been adversely affected by a Medicare regulation and by other related administrative action without having access to any administrative remedies, including a hearing, under the Medicare Act. Third, Unihealth has brought a claim primarily attacking the constitutionality of certain policy decisions, including the method of pro-

mulgation and application of these decisions. Though ultimate success in this lawsuit might result in Unihealth obtaining certain reimbursement funds withheld from providers serviced by Unihealth, this is not the primary thrust of plaintiff's claim.

The relevance of these distinctions is no longer open to question, however, since the Fifth Circuit has recently held, under factual circumstances similar to Unihealth, that the en banc decision in *MacDonald Foundation, Inc., supra,* and the decision in *Salfi, supra,* are controlling, and that Section 405(h) precludes federal-question jurisdiction over claims like those of Unihealth. *The American Association of Councils of Medical Staffs of Private Hospitals, Inc. (CMS), supra.*

In *CMS, supra,* an action was brought by an association of medical councils of private hospitals for declaratory and injunctive relief on behalf of its physician members who were challenging the constitutionality of certain federal regulations promulgated under the Medicare Act. These regulations required that larger provider hospitals establish utilization review committees comprised of doctors on the staff of the hospital being reviewed. In the district court, the Department of Health, Education and Welfare moved for dismissal on grounds of lack of subject matter jurisdiction, based on the preclusion language of Section 405(h). CMS moved for summary judgment as to the merits of the case. The trial court agreed with Health, Education and Welfare that Section 405(h) precluded federal-question jurisdiction but concluded that jurisdiction existed under the Administrative Procedure Act. *The American Association of Councils of Medical Staffs of Private Hospitals, Inc. v. Mathews,* 421 F.Supp. 848 (E.D. La.1976). The Court then found in favor of Health, Education and Welfare on the merits.

On appeal, the Fifth Circuit first held that no jurisdiction existed under the Administrative Procedure Act, in the aftermath of *Califano v. Sanders, supra.* It then focused on whether federal-question jurisdiction was precluded by Section 405(h), as held by the district court.

At the outset, the Court acknowledged that conditions existed in the CMS matter that set it apart factually from other prior decisions considering the Section 405(h) preclusion argument:

> The question of review of decisions apparently precluded by § 1395ii [Section 405(h)] has been considered by several courts. The cases, however, have always been slightly different from this case. They have involved actions by providers complaining of reimbursement decisions and procedures. (575 F.2d at 1370)

Had the Court chosen to elaborate further on these distinctions, it would have acknowledged these particular differences between *CMS, supra,* and related jurisprudence: (1) as a nonprovider, CMS had been affected by a regulation specifically directed at providers; (2) CMS had no access to administrative or judicial review procedures under the Medicare Act to challenge the constitutionality of the regulation. The Court found CMS' constitutional claim against a regulation having no effect on reimbursement to be the major distinction between *CMS, supra,* and *MacDonald Foundation, Inc.* (en banc), *supra.*

In spite of these fact differences, the Court held that *Salfi, supra,* and *MacDonald Foundation, Inc.* (en banc), *supra,* were controlling. The Court concluded:

> This court has decided that the Medicare Act withdraws jurisdiction from the district courts over actions like this one. (575 F.2d at 1372)

The Court saw no significance in the fact that CMS was a nonprovider, with no access to the administrative or judicial review procedures provided under the Medicare Act, who was bringing a constitutional claim against a Medicare regulation affecting it. Even after the Court recognized that the only available jurisdictional avenue with the Court of Claims was foreclosed since that Court cannot provide equitable or declaratory relief was sought in the suit, it did not alter its decision, nor did it adequately resolve the looming constitutional questions directed at the Medicare Act. The Court

did state that Congress has the power to deny all litigants against the United States any remedies and to restrict parties seeking to litigate certain constitutional claims to specified courts. After that consideration, the Court left it to the ingenuity of counsel for CMS either to bring the claims within the jurisdiction of the Court of Claims or to seek the guidance of a higher court.

This Court sees no means by which Unihealth can extricate itself from the broad holding in *CMS, supra*. The apparent aggregate effect of *Salfi, supra; MacDonald Foundation, Inc.* (en banc), *supra;* and *CMS, supra*, is total preclusion of federal-question jurisdiction for statutory and constitutional claims against the Medicare Act. Since this Court is bound by those decisions, it must conclude that Section 405(h), incorporated in the Medicare Act at 42 U.S.C. § 1395ii, prevents this Court from exercising federal-question jurisdiction over the claims of Unihealth.

In a final argument, Unihealth contends that jurisdiction is established under 28 U.S.C. § 1343, since it has brought a claim pursuant to 42 U.S.C. § 1985(3) urging that the Department of Health, Education and Welfare and others have entered a conspiracy to deprive the plaintiff of the equal protection of the law. This contention is short lived since plaintiff has not alleged and has failed to prove that there existed any racial or otherwise class-based discriminatory animus behind the alleged conspirators' actions. The Supreme Court in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790 29 L.Ed.2d 338 (1971) has held that no relief can be obtained under 42 U.S.C. § 1985(3) unless it is shown that racial or class-based discriminatory animus was an element of the conspiracy. Failing to state a viable claim under 42 U.S.C. § 1985(3), Unihealth cannot utilize the statute's independent jurisdictional force to maintain the lawsuit in this Court.

While the preclusion reasoning in *CMS, supra*, applies to Unihealth, the results need not be so harsh as in *CMS, supra*. Though plaintiff seeks declaratory and injunctive relief in its complaint, it has also stated a claim for damages. A claim for damages can be entertained by the Court of Claims. While the total relief sought cannot be obtained, Unihealth can litigate its constitutional claims and obtain monetary damages should it prevail.

Accordingly, this Court reverses its earlier decision and DISMISSES the complaint of Unihealth Services Corporation pursuant to Federal Rule of Civil Procedure 12(b)(1).