UNITED STATES of America, Plaintiff,

v.

WHITE HOUSE NURSING HOME, INC., Defendant.

No. 77–420–Civ–T–GC.

United States District Court, M. D. Florida, Tampa Division.

Nov. 28, 1979.

David Epstein, Benjamin F. Wilson, Washington, D. C., for plaintiff.

Charles F. Barber, Clearwater, Fla., for defendant.

## FINAL SUMMARY JUDGMENT

GEORGE C. CARR, District Judge.

This matter is before the Court to consider Plaintiff's Motion for Summary Judgment, filed October 29, 1979, and Defendant's Motion for Partial Summary Judgment, filed October 29, 1979.

The essential facts in this case are not in dispute. On June 2, 1977, the United States filed this action to recover alleged overpayments made to Defendant from January 1, 1967, to October 1, 1971, while Defendant was a participating nursing home in the medicare program. 42 U.S.C. § 1395 *et seq.* Under this program, participating nursing homes and hospitals are reimbursed by the Department of Health, Education and Welfare for the reasonable costs of services provided to the elderly. To facilitate payment and avoid possible cash flow problems, HEW is authorized to employ intermediaries (Aetna Life and Casualty Company, in this case) to make interim payments at least once monthly to participating hospitals and nursing homes. 42 U.S.C. § 1395g and 20 C.F.R. § 405.454 (later recodified at 42 C.F.R. Part 405). These interim pay-

ments are only an estimate of the actual reasonable costs of services provided, and participating hospitals and nursing homes are required to submit annual cost reports. 20 C.F.R. § 405.406. These reports are audited to determine the reasonableness of costs reflected, and the intermediary adjusts the figures submitted as needed to insure that the participating facility is neither overpaid nor underpaid. 20 C.F.R. § 405.454(f). Based on this procedure, the United States has determined that the Defendant has been overpaid in the amount of $63,628.08.

The cross motions filed here reveal three key issues for the Court's determination: (1) Whether the Plaintiff's claim for recovery of alleged overpayments in 1967 and 1968 is barred by the statute of limitations; (2) whether the failure of the intermediary to perform an audit for the fiscal year October 1, 1969, to September 30, 1970, precludes recovery of alleged overpayments in that period; and (3) whether any genuine issues of material fact exist so that Summary Judgment under Federal Rule of Civil Procedure 56 is inappropriate.

Having reviewed all of the pleadings, the files, the arguments of counsel, and the applicable law, the Court makes the following rulings:

1. Plaintiff's claim for alleged overpayments in 1967 and 1968 is not barred by the statute of limitations. The parties agree that 28 U.S.C. § 2415(a) governs this action. That statute provides:

> Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract, express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues . . .

As previously stated, Plaintiff filed this action on June 2, 1977. Defendant contends that Plaintiff's right of action accrued some time late in 1969 and 1970 when the audits performed by the independent accounting firm of Arthur Young and Company were completed, so that the action for alleged overpayments in 1967 and 1968 is time barred.

■ Defendant's position is incorrect. Plaintiff's cause of action does not accrue when the accountants report their initial findings to the intermediary. Rather, a cause of action in a medicare overpayment case accrues when the intermediary makes a final retroactive adjustment as contemplated in 20 C.F.R. § 405.454(f)(2) and (3). *United States v. Graham*, 471 F.Supp. 123 (S.D.Tex.1979). The limitation period does not begin to run until the intermediary has completed its analysis, because until that time, the Plaintiff cannot know that a debt exists. *United States v. Slavik*, No. 76–314 WMB (C.D.Cal. January 4, 1977). In this case, the final retroactive adjustment for 1967 and 1968 was completed on June 3, 1971, when the intermediary's home office approved it. The June 2, 1977, filing of the Complaint was therefore timely.

■ 2. The failure of the intermediary to audit the Defendant's cost report for the period ending September 30, 1970, does not preclude the United States from seeking recovery of alleged overpayments in that period. Neither the Medicare Act nor the applicable regulations impose such a requirement, and the record indicates that during the cost period in question, it was the policy of the Social Security Administration that such audits were left to the discretion of the intermediary. (Paragraph 4, affidavit of John Bader). Since the final decision on retroactive adjustments was made on or after June 8, 1971, filing of the Complaint was timely as to the alleged 1970 overpayment.

■ 3. No genuine issue of material fact regarding the amount owed by Defendant exists. Defendant argues that (1) it is

unclear whether or not it has, as Plaintiff contends, acknowledged the debt, and (2) it is not certain that Plaintiff's claim was properly calculated. Initially, the Court notes that there exists substantial authority for the proposition that judicial review of reimbursement determinations by intermediaries is precluded entirely by the Medicare Act, 42 U.S.C. § 405(b). *See Dr. John T. MacDonald Foundation, Inc. v. Califano*, 571 F.2d 328 (5th Cir.), *cert. denied*, 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978). This proposition aside, however, the parties agree that if this Court may review the agency's determination at all, it must uphold that decision so long as it is not arbitrary, capricious, or otherwise not in accordance with law. *See Texas Acorn v. Texas Area 5 Health Systems Agency, Inc.*, 559 F.2d 1019 (5th Cir. 1977). The Court is satisfied that the Secretary's decision was legal, without clear error, within the scope of the agency's authority, and not arbitrary or capricious. The agency's decision is accordingly upheld.

In light of the foregoing, it is Ordered and Adjudged that Plaintiff's Motion for Summary Judgment is Granted, and the Defendant's Motion for Partial Summary Judgment is Denied. Defendant is Ordered to pay to Plaintiff the entire amount of overpayment sued for, $63,628.08, together with interest from the date of first demand and the costs of the action.