Court of Claims jurisdiction; subcontractor under health care provider. — On July 3, 1980 the court entered the following order:
Before Nichols, Judgef Presiding, Kashiwa and Smith, Judges.
This case comes to us on defendant’s motion to dismiss for lack of subject matter jurisdiction. We grant defendant’s motion.
Plaintiff, Unihealth Services Corporation, is a management and consulting firm which renders services to nonprofit health agencies. Plaintiff charges a flat fee for the establishment of an agency and a percentage of health care billings for continuing financial consulting and data processing services. Plaintiffs clients are "home health services” providers as defined by the Medicare Act, 42 U.S.C. *731 1395x(m). Plaintiff is not a "provider” under the Medicare Act.
The Act is administered by the Department of Health and Human Services, formerly "Health, Education and Welfare” (HEW), which promulgates regulations and establishes policy. From 1969 through 1976, HEW characterized plaintiff as a "management company” under Medicare regulations and applied a prescribed degree of scrutiny to determine whether costs regarding plaintiffs services would be reimbursable to its providers. During that period, plaintiffs charges were apparently found to be reimbursable.
In 1977, plaintiff was reclassified by Medicare officials as a "franchisor” under the Provider Reimbursement Manual. As such, a stricter scrutiny was applied to plaintiffs charges and any excess over charges deemed reasonable for provision of similar services by non-franchisors were disallowed. Plaintiff claims that the reclassification resulted in a retroactive presumption that plaintiffs charges were unreasonable and not reimbursable to its clients and that the change imposed more onerous itemized accounting procedures on plaintiff.
This action was initially brought in the United States District Court for the Eastern District of Louisiana under the title Unihealth Services Corp. v. Joseph P. Califano, etc. After an initial rejection of defendant’s motion to dismiss for lack of standing and subject matter jurisdiction, the district court reconsidered defendant’s motion in the light of fifth circuit decisions in Dr. John T. MacDonald Foundation, Inc. v. Califano, 571 F.2d 328 (5th Cir.), cert. denied, 439 U.S. 893 (1978), and The American Association of Councils of Medical Staffs of Private Hospitals, Inc. v. Califano, 575 F.2d 1367 (5th Cir. 1978), cert. denied, 439 U.S. 1114 (1979). On reconsideration, the district court dismissed plaintiffs petition for lack of subject matter jurisdiction, but went on to say that "* * * a claim for damages can be entertained by the United States Court of Claims.” Unihealth Services Corp. v. Joseph P. Califano, Civil Action No. 77-301, Section C (Memorandum and order dated Feb. 12, 1979).
*732 Plaintiff filed suit in this court on June 27, 1979. Proceedings were suspended in this court on December 14, 1979, pending United States Supreme Court action on plaintiffs petition for writ of certiorari on the question of the district court dismissal. The Supreme Court has denied plaintiffs petition and the suspension of proceedings in this court has been lifted.
Plaintiff complains of both the substance and the procedure of HEW’s classification of plaintiff as a "franchisor” in violation of "* * * rights guaranteed by the Due Process and Equal Protection Clauses of the Fourteenth Amendment; Sixth Amendment; Fourth Amendment; Ninth Amendment; the Sherman Anti-Trust Act; the laws of the United States of America; Section 1806 of the Social Security Act.” Elsewhere in briefing, plaintiff adds the first and eleventh amendments as jurisdictional bases.
We can discern no basis for jurisdiction in this court over plaintiffs claim. There is no contractual relationship between plaintiff and the United States. As a supplier of services to health care providers, plaintiff may possibly be a subcontractor, but that is not enough under our basic Tucker Act jurisdiction, 28 U.S.C. § 1491. Putnam Mills Corp. v. United States, 202 Ct. Cl. 1, 479 F.2d 1334 (1973), Beaconwear Clothing Co. v. United States, 174 Ct. Cl. 40, 355 F.2d 583 (1966). Plaintiff does not seek the return of monies improperly exacted by or paid to the United States, and finally, plaintiff points to no law which "* * * can be fairly interpreted as mandating compensation by the Federal Government for the damages sustained.” Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 607, 372 F.2d 1002, 1009 (1967).
The parties discuss at some length jurisdiction over reimbursement of "providers” as defined by 42 U.S.C. § 1395x(u). None of this discussion has any relevance to plaintiff which is not a health care provider.
it is therefore ordered, without oral argument, that defendant’s motion to dismiss is granted and plaintiffs petition is dismissed.