**CONNECTICUT UNION OF WELFARE EMPLOYEES et al.**

**v.**

**Henry C. WHITE, Individually and as Commissioner of Welfare of the State of Connecticut, and Elliot L. Richardson, Secretary of Health, Education and Welfare.**

**Civ. No. 14923.**

United States District Court,
D. Connecticut.

April 23, 1973.

David N. Rosen, David M. Lesser, Stuart Bear, William H. Clendenen, Jr., New Haven, Conn., for plaintiffs.

Edmund C. Walsh, East Hartford, Conn., Peter A. Clark, Asst. U. S. Atty., New Haven, Conn., for defendants.

### RULING ON DEFENDANT RICHARDSON'S MOTION TO DISMISS

NEWMAN, District Judge.

This is a motion to dismiss by the federal defendant, the Secretary of

Health, Education and Welfare, in a suit challenging on constitutional and statutory grounds Connecticut's pattern of assigning welfare caseworkers in connection with the Aid to Families with Dependent Children program. The state defendant's motion to dismiss was previously denied. Connecticut Union of Welfare Employees v. White, 55 F.R.D. 481 (D.Conn.1972).

■ The Secretary contends initially that this Court lacks subject matter jurisdiction. Of plaintiffs' several claims of jurisdiction, the Administrative Procedure Act, 5 U.S.C. § 702, and pendent jurisdiction are sufficient.

In the Second Circuit, the status of the A.P.A. as an independent source of jurisdiction is unsettled. In various decisions, the sufficiency of the A.P.A. has been explicitly upheld, Citizens Committee for Hudson Valley v. Volpe, 425 F.2d 97, 102 (2d Cir.), cert. denied, 400 U.S. 949, 91 S.Ct. 237, 27 L.Ed.2d 256 (1970), explicitly stated by Judge Lumbard in a concurring opinion, Rosado v. Wyman, 414 F.2d 170, 181 (2d Cir. 1969), rev'd on other grounds, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), assumed, Cappadora v. Celebrezze, 356 F.2d 1, 5–6 (2d Cir. 1966), doubted, Wolff v. Selective Service Board, 372 F.2d 817, 826 (2d Cir. 1967), and, most recently, said to be an open question, Aguayo v. Richardson, 473 F.2d 1090 (2d Cir. 1973). In this District, the sufficiency of the A.P.A. as a jurisdictional basis has been explicitly upheld, Schicke v. United States, 346 F. Supp. 417 (D.C.1971), and the Second Circuit's recent modification of that decision left unquestioned and undisturbed its jurisdictional reliance on the A.P.A., Schicke v. Romney, 474 F.2d 309 (2d Cir. 1973).

Despite the *Aguayo* query, it seems appropriate to follow *Hudson Valley* and the *Rosado* concurrence (neither of which was cited in *Aguayo*) and to accept *Schicke* as the law of this District.

■ Moreover, pendent jurisdiction, see United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), is both available and appropriate, given the common questions of law and fact and the federal nature of the pendent claim against the federal defendant. Aguayo v. Richardson, *supra*; Almenares v. Wyman, 453 F.2d 1075 (2d Cir. 1971).

■ The Secretary's argument that plaintiffs have failed to state a claim upon which relief may be granted reckons only with a conformity hearing as a means of relief. It is clear that plaintiffs are not entitled to trigger a conformity hearing as a remedy for unlawful approval of a state plan. Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); see also National Welfare Rights Organization v. Finch, 139 U.S.App.D.C. 46, 429 F.2d 725 (1970); Almenares v. Wyman, *supra*, 453 F.2d at 1087. But the unavailability of this remedy does not mean the absence of any possible relief.

If it should develop that the Secretary's approval has been given in violation of constitutional or statutory standards, plaintiffs are at least entitled to a declaratory judgment establishing the invalidity of the approval. There is no reason to doubt that the Secretary, once alerted to such a situation, would explore with the state ways of modifying the caseworker assignment pattern to insure proper approval. See 45 C.F.R. § 201.6(c); Note, 72 Colum.L.Rev. 1404, 1436 (1972). Whether a court can compel exploration of such informal techniques need not now be decided. Nor is it necessary to anticipate the possibility of a remand to the Secretary for further action in conformity with the statute. The possibility of declaratory relief alone is sufficient to defeat the motion to dismiss.

Accordingly, the motion of the Secretary to dismiss the complaint as to him is denied.