Amilcar ANDUJAR et al., Plaintiffs,

and

Dominga Diaz et al., Plaintiff-Intervenors,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.

No. 74 Civ. 3870.

United States District Court, S. D. New York.

Jan. 30, 1976.

Barbara Schulman, George C. Stewart, MFY Legal Services, Inc., New York City, Hilary Sohmer, Legal Aid Society of Westchester County, Yonkers, N. Y., for plaintiffs, plaintiff-intervenors and proposed plaintiff-intervenors.

Frederick P. Schaffer, Asst. U. S. Atty., New York City, for defendant.

## MEMORANDUM

STEWART, District Judge:

Plaintiffs, Amilcar Andujar, Charlotte Shepard, and Dawn Carter, and intervenor plaintiffs, Dominga Diaz, Iovina Marrero, Gaston Enriquez and Antonio Gonzalez, filed a lawsuit on behalf of themselves and others, similarly situated, seeking to compel defendant, the Secretary of Health, Education and Welfare,[1] ("HEW") to cease the allegedly unlawful conduct of permitting lengthy delays in the delivery of social security benefits to plaintiffs. Plaintiffs allege that defendant's failure to provide benefits in a reasonable and timely manner is in violation of the regulations which govern defendant's conduct and that such failure deprives plaintiffs, without due process of the law, of the benefits to which they are entitled. Plaintiffs seek leave to have new plaintiffs intervene, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure ("F.R.Civ.P.") and seek certification of the litigation as a class action. Defendant has moved to dismiss, alleging that plaintiffs' claims are moot, that subject matter jurisdiction is lacking, and that plaintiffs have failed to state a claim upon which relief can be granted.

By arguing that the action is moot, defendant has raised a threshold question as to the viability of the litigation. Defendant maintains, on the basis of information contained in the affidavit of Sumner G. Whittier, Director of the Bureau of Supplemental Security Income ("SSI") for the Aged, Blind and Disabled

---

1. The named defendant is Caspar Weinberger, who was the Secretary of HEW when this lawsuit was filed.

of the Social Security Administration of HEW, that all seven named plaintiffs have now received the past payments owing to them and that, as only injunctive and declaratory relief was sought, their action is now moot. Defendant further contends that plaintiffs are unlikely to suffer again from the malfunctioning of the administrative procedures, and thus the claims do not fall within the realm of those "capable of repetition yet evading review." *Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). Defendant also argues that plaintiffs' desire to have the case declared a class action will not save the claims from mootness because class certification is not appropriate for the action.

Predictably, plaintiffs offer the opposite interpretation. First, it is their contention that the doctrine of "capable of repetition yet evading review" aptly describes the present situation. We agree. We are informed by plaintiffs' counsel that, since the commencement of this action, she has successfully worked with defendant's counsel to bring to the attention of the regional HEW office individuals similarly situated to the named plaintiffs in order to obtain immediate relief. [Affidavit of Barbara Schulman in Support of Plaintiffs' Motion for Class Certification and in Opposition to Defendant's Motion to Dismiss, ¶ 9]. Further, plaintiffs have submitted the affidavits of six individuals who describe their difficulties in receiving the regular social security benefits to which they are entitled. [Affidavits of Nicandro Vargas, Mary Mizell, Donald Morrissey, John Osolin, Petro Rivera and Rose Ferrara]. Thus, the voluntary cessation by defendant of the allegedly illegal conduct has not deprived us of the power to hear and determine the case, for defendant has failed to demonstrate that "there is no reasonable expectation that the wrong will be repeated." *United States v. W. T. Grant Co.*, 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953). *See also*

*Moore v. Ogilvie*, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974), and *Frost v. Weinberger*, 515 F.2d 57 (2d Cir. 1975). Thus, we conclude that the present action is not moot.

Defendant raises a second challenge to the jurisdiction of this court, alleging that we are without subject matter jurisdiction. Plaintiffs contend that three statutes give us jurisdiction to hear their claims—28 U.S.C. § 1361, 28 U.S.C. § 1343(3), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*

Plaintiffs argue that the Secretary of HEW has a nondiscretionary, ministerial duty to issue monthly payment checks. Plaintiffs base this allegation upon the language of the Social Security Act ("SSA"), 42 U.S.C. § 1381a, which states in pertinent part:

> Every aged, blind, or disabled individual who is determined . . . to be eligible on the basis of his income and resources shall, in accordance with . . . the provisions of this subchapter, be paid benefits by the Secretary of Health, Education, and Welfare,

and upon the Social Security Administration's regulations, which state:

> The quarterly payment amount will be paid in equal monthly installments. A separate check will be issued at the beginning of each month and represents payment for that month. . . 20 C.F.R. § 416.502 (39 Fed.Reg. 8156, March 4, 1974).

Finally, plaintiffs argue that the Claims Manual for the Secretary also reflects the Secretary's duty to send monthly checks. "Regular check payments are issued each month for receipt on or about the first day of the month." Claims Manual, Part 13, § 13120.

A violation of a governmental agency's own regulations can be the ba-

sis for § 1361 jurisdiction. For example, in *Feliciano v. Laird*, 426 F.2d 424 (2d Cir. 1970), the Second Circuit held that mandamus would lie to compel the army to act in accordance with a duty imposed by its own regulations. *See also Workman v. Mitchell*, 502 F.2d 1201 (9th Cir. 1974) and *Leonhard v. Mitchell*, 473 F.2d 709 (2d Cir. 1973), *cert. denied*, 412 U.S. 949, 93 S.Ct. 3011, 37 L.Ed.2d 1002 (1973). The language of the SSA and the regulations, quoted above, appears to us to establish that defendant has statutory obligations owing to plaintiffs. Therefore, we conclude that plaintiff has made sufficient showing of statutory duties to permit § 1361 jurisdiction. We note that our determination of jurisdiction is not a decision of the merits of plaintiffs' claims. *See Mattern v. Weinberger*, 519 F.2d 150, 156–157 (3rd Cir. 1975) and *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

■ In addition to finding that plaintiffs have established sufficient statutory duties of defendant for jurisdiction under § 1361, we conclude that mandamus jurisdiction is also based upon defendant's alleged violation of constitutional duties owed to plaintiffs. Mandamus jurisdiction is available for those who seek performance of constitutional duties. *Brown v. Schlesinger*, 365 F.Supp. 1204 (E.D.Va.1973). Substantial precedent exists for finding that allegations of lengthy delays in the delivery of benefits state constitutional claims of denial of property without due process. *See Perez v. Lavine*, 378 F.Supp. 1390 (S.D.N.Y.1974); *Nelson v. Sugarman*, 361 F.Supp. 1132 (S.D.N.Y.1972). Further, delays themselves may result in a deprivation of property. *Smith v. Illinois Bell Telephone Co.*, 270 U.S. 587, 46 S.Ct. 408, 70 L.Ed. 747 (1926). Finally, the Second Circuit has recently relied upon 28 U.S.C. § 1361 to obtain jurisdiction over the

Secretary of HEW in a case challenging the reduction of survivors' benefits without hearings. *See Frost v. Weinberger*, 515 F.2d 57 (2d Cir. 1975). There, plaintiffs' claims rested upon alleged deprivation of constitutional rights as explained in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Accord: *Mattern v. Weinberger*, 519 F.2d 150 (3rd Cir. 1975); *Martinez v. Richardson*, 472 F.2d 1121 (10th Cir. 1973), and *Elliott v. Weinberger*, 371 F.Supp. 960 (D.Haw.1974). Compare *Fifth Ave. Peace Parade Committee v. Hoover*, 327 F.Supp. 238 (S.D.N.Y.1971), in which the court declined to find § 1361 jurisdiction where an allegation of duty owed by defendant to plaintiffs rested solely upon asserted First and Fourth Amendment rights.

■ Plaintiffs' second basis for jurisdiction is 28 U.S.C. § 1343(3), which gives jurisdiction to the district courts for actions

"to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . . ."

Plaintiffs argue that the delays in payment of benefits to which they are clearly entitled works a deprivation of constitutional dimension and that, in the administration of the SSI program, the Secretary of HEW acts as an agent of the state and thus "under color of state law." We agree that plaintiffs' allegations of constitutional deprivation are sufficient for jurisdictional purposes. Plaintiffs have a right to receive SSI benefits; such entitlements cannot be ended without due process [*Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)], and substantial delays have been held to constitute deprivation of property. *Smith v. Illinois Bell Telephone*,[2] *supra*.

---

**2.** Compare *Andrews v. Maher*, 525 F.2d 113 (2d Cir. 1975), in which a claim that a state requirement that welfare recipients be interviewed every six months in designated districts denied equal protection was held to be so insubstantial as to warrant dismissal.

The more difficult question is whether the Secretary of HEW functions as an agent of the state. In support of their position, plaintiffs quote language from § 212(a)(2) of Public Law 93–66, which requires each state participating in the medicaid program to enter into an agreement with the Secretary of HEW under which "the State will provide . . . state supplementary payments." § 212(b)(1) permits a state to agree with the Secretary of HEW to have the Secretary administer the payment of supplemental benefits "on behalf of such state." New York has authorized its state officials to make such agreements with HEW and the enabling legislation again recites that the Secretary of HEW makes additional payments "on behalf of the state." New York Social Services Law § 131–a.9(a).

Defendant stresses the federal nature of the SSI program in arguing that jurisdiction over him cannot be based upon 28 U.S.C. § 1343(3). Defendant describes the enactment of SSI as an attempt to federalize traditionally locally administered social service programs and stresses that New York's participation and financial contribution is required by federal law.

■ A review of the legislative history [See House Report No. 92–231, U.S. Code Cong. & Admin.News at p. 4989 (1972)] reflects defendant's argument that the federal legislation was intended to restructure existing federal programs, make uniform the requirements of adult assistance programs, and relieve states of a substantial portion of the financial burden by offering to administer the program of supplemental benefits. U.S. Code Cong. & Admin.News at p. 4992. However, the federal legislation still left to the states the determination of whether or not the Secretary of HEW could act for them. Thus, while we agree with defendant that the thrust of the legislation was to create a federal scheme, the activity of the Secretary under attack here can only occur when the Secretary is specifically authorized by a state to act. See "Agreement Between Secretary of HEW and the State of New York," Nov. 13, 1973. Thus, the state has "caused" the Secretary to act [*Kletschka v. Driver*, 411 F.2d 436, 448 (2nd Cir. 1969)] and jurisdiction can be premised upon 28 U.S.C. § 1343(3).[3]

Because we have found jurisdiction under both 28 U.S.C. § 1361 and § 1343(3), we do not reach plaintiffs' arguments that the Administrative Procedure Act ("A.P.A.") also provides a basis for jurisdiction. We note that the law on this question is presently unsettled[4] but several courts in this circuit have concluded that jurisdiction may be premised upon the A.P.A.[5]

■ Defendant's final challenge to plaintiffs' claims is that plaintiffs have failed to state a claim upon which relief can be granted. Defendant argues that administration of the delivery of benefits is a matter in which a court should not be involved. While we agree that federal courts should not assume the task of supervision of an agency's work, we do not believe that federal courts can refuse

---

3. *See also Lyons v. Weinberger*, 378 F.Supp. 248, 254–255 (S.D.N.Y.1974), holding that the Secretary of HEW acted under color of state law when the state played a "significant role" in the federal program.

4. *See Aguayo v. Richardson*, 473 F.2d 1090 (2d Cir. 1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974), and cases cited therein. While the Second Circuit has not yet decided if the A.P.A. provides an independent grant of jurisdiction, many other circuits have reached the conclusion that it does. *See, e. g., Ortego v. Weinberger*, 516 F.2d 1005 (5th Cir. 1975); *Pickus v. U. S. Board of Parole*, 165 U.S.App.D.C. 284, 507 F.2d 1107 (1974); *Bradley v. Weinberger*, 483 F.2d 410 (1st Cir. 1973), and *Brandt v. Hickel*, 427 F.2d 53 (9th Cir. 1970). But *see Bramblett v. Desobry*, 490 F.2d 405 (6th Cir. 1974), *cert. denied*, 419 U.S. 872, 95 S.Ct. 133, 42 L.Ed.2d 111 (1974).

5. *Lyons v. Weinberger*, 376 F.Supp. 248 (S.D. N.Y.1974); *Conn. Union of Welfare Employees v. White*, 357 F.Supp. 1378 (D.Conn.1973), and *Sobell v. Reed*, 327 F.Supp. 1294 (S.D.N.Y. 1971).

to hear claims of deprivation of constitutional rights on the ground that the result might be a directive to an administrator to adjust procedures so as to comport with constitutional guarantees. Thus, in a motion to dismiss where the allegations of the complaint must be taken as true [*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)], we find plaintiffs' complaint states a claim. *See also Perez v. Lavine*, 378 F.Supp. 1390 (S.D.N.Y.1974); *Nelson v. Sugarman*, 361 F.Supp. 1132 (S.D.N.Y.1972) and *Connecticut Union of Welfare Employees v. White*, 357 F.Supp. 1378 (D.Conn.1973). Accordingly, defendant's motion to dismiss is denied.

We turn now to plaintiffs' request that this action be certified as a class, pursuant to F.R.Civ.P. 23(b)(2). Plaintiffs propose that the class be composed of:

"all aged, blind, and disabled persons who reside in New York State, and who have been found by defendant to be eligible for benefits pursuant to the Supplemental Security Income Program, and whose entitlement to benefits under said Program have not been lawfully terminated, but who have not received said SSI benefits on a regular and predictable monthly basis when said SSI benefits are due, on or about the first day of each month, due to acts or omissions of defendants, and who have not been issued replacement checks expeditiously upon report of non-receipt to defendant's agents or employees." Affidavit in Support of Motion for Class Action Determination ¶ 5.

Plaintiffs have demonstrated that the criteria of Rule 23 have been met. First, information received from defendants reveals that large numbers of SSI recipients have reported non-receipt of checks;

for example, in November of 1974, some 4,558 recipients made claims of non-receipt. [Exhibit A, Plaintiffs' Affidavit in Support of Class Determination]. Thus, the number of potential plaintiffs is too numerous to make joinder practicable. Secondly, as indicated in our discussion of the motion to dismiss, we believe that there are questions of law and fact common to the class; namely, whether there are lengthy delays in payments of benefits and whether such delays result in the deprivation of property without due process.[6] Thirdly, plaintiffs' claims appear to be typical of the class and we have been convinced by the quality of representation provided thus far that the plaintiffs can fairly and adequately protect the interests of the class.[7] Finally, in paying SSI benefits, defendant acts in a manner generally applicable to the class and, if plaintiffs' claims prove meritorious, declaratory and injunctive relief will be appropriate. Thus, we grant certification of a class, delineated as described above.[8]

We note that our conclusion of class action certification reinforces our determination that the action is not moot. See discussion, *supra*, at p. 695. In *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), the Supreme Court declined to dismiss as moot a class challenge to Iowa's one year residency requirement for instituting divorce proceedings, despite the fact that the one year period had passed and the plaintiff had obtained a divorce elsewhere. Although concluding that the case would have become moot had the plaintiff sued solely on behalf of herself, the Court found that the controversy was not moot with respect to the class of persons plaintiff had been certified to represent. The Court further observed that certification might not be a prerequisite to

---

6. That there may be diverse causes for delays does not defeat the communality requirement. *See Lyons v. Weinberger, supra.*

7. Plaintiffs' counsel, MFY Legal Services Inc. and the Legal Aid Society of Westchester

County, have had considerable experience with complex litigations in this field.

8. If subclasses prove appropriate, our order may be modified pursuant to Rule 23(d).

avoiding mootness because certification could be said to "relate back" to the filing of the complaint. *Sosna,* fn. 11, 419 U.S. at 402, 95 S.Ct. 553. This language has been applied by the Second Circuit when it determined that an action which had not yet been certified as a class was not moot. *Frost v. Weinberger,* 515 F.2d 57 (2d Cir. 1975).

The propriety of class certification also precludes the limitation of the "capable of repetition yet evading review doctrine" that it be applied in situations where there is "a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).

■ Finally, plaintiffs have requested that numerous parties be granted leave to intervene, pursuant to R. 24(b). Defendant has previously consented to the intervention of some parties and is willing to consent to intervention of others, provided that their claims are not moot. Because we have already determined that the original plaintiffs' claims are not moot, the presence of intervenor plaintiffs is not required to save the lawsuit from non-justiciability. *Cf. Gaddis v. Wyman,* 304 F.Supp. 713 (S.D.N.Y. 1969) and *Washington v. Wyman,* 54 F.R.D. 266 (S.D.N.Y.1971). Further, all potential intervenors, who have claims "identical" [Plaintiffs' Reply Memorandum, June 15, 1975] to those of the named plaintiffs, are now eligible to be part of the class which we have certified. Rather than require the parties to provide updated information on the status of each individual seeking to intervene, so as to permit an evaluation of the justiciability of each intervenor's claim, we conclude that it is better to deny without prejudice the motions to intervene. *See Milne v. Berman,* 384 F.Supp. 206 (S.D. N.Y.1974) (3-judge court), prob. jurisdiction noted, 422 U.S. 1054, 95 S.Ct. 2676, 45 L.Ed.2d 706 (1975).

In summary, defendant's motion to dismiss is denied. Plaintiffs' motion for class certification is granted, and the motions of proposed plaintiff-intervenors is denied without prejudice.

So ordered.