587 F.2d 762
 ALABAMA HOSPITAL ASSOCIATION, a nonprofit corporation, et
al., Plaintiffs- Appellees Cross-Appellants,
v.
Joseph CALIFANO, Jr., Secretary of Health, Education and
Welfare of the United States, et al.,
Defendants-Appellants Cross-Appellees.
 No. 76-4076.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 12, 1979.
As Amended Feb. 26, 1979.
 
 Ira DeMent, U. S. Atty., Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., William Kanter, Atty., Dept. of Justice, App. Section, Civil Div., Washington, D. C., John M. Rogers, Atty., U. of Kentucky-College of Law, Lexington, Ky., under special assignment, Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Randolph W. Gaines, Chief of Litigation, Social Security Div., Steven L. Jones, Atty., Dept. of H. E. W., Baltimore, Md., for defendants-appellants, cross-appellees.
 M. R. Nachman, Jr., Montgomery, Ala., John P. Oliver, II, Dadeville, Ala., for plaintiffs-appellees, cross-appellants.
 Appeals from the United States District Court for the Middle District of Alabama.
 Before WISDOM, GODBOLD and TJOFLAT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alabama Hospital Association, an organization representing 140 Alabama hospitals, and the Tallapoosa County Hospital Board, as representatives of all private proprietary nonprofit and nonfederal governmental hospitals located within Alabama, sued the Secretary of Health, Education and Welfare (HEW) and Blue Cross and Blue Shield of Alabama for alleged violations of the Due Process clause of the Fifth Amendment. The lawsuit arose out of HEW's recoupment of reimbursement funds paid to provider hospitals for medical services that Blue Cross, plaintiffs' fiscal intermediary, unilaterally determined were unnecessary. The plaintiffs contend that they were constitutionally entitled to a hearing at some point during or after the recoupment process. The district court agreed. Jurisdiction to hear the case was based on 5 U.S.C. §§ 701-706 and 28 U.S.C. § 1331(a). We conclude that the district court acted without subject matter jurisdiction and we vacate its decision.
 
 
 2
 There was clearly no jurisdiction under 5 U.S.C. §§ 701-706, better known as § 10 of the Administrative Procedure Act. Califano v. Sanders,430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192, 200-01 (1977). Nor under this court's decisions in Dr. John T. MacDonald Foundation v. Califano, 571 F.2d 328 (CA5) (en banc), Cert. denied, --- U.S. ----, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978), and American Association of Councils of Medical Staffs v. Califano, 575 F.2d 1367 (CA5), Pet. for cert. filed, 47 U.S.L.W. 3267 (U.S. Oct. 3, 1978), was there jurisdiction under 28 U.S.C. § 1331(a).
 
 
 3
 MacDonald involved a challenge by a provider of Medicare services to HEW's method of determining reimbursable cost. On the basis of Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), this court concluded that the incorporation of 42 U.S.C. § 405(h) into the Medicare Act through 42 U.S.C. § 1395ii, eliminated subject matter jurisdiction under 28 U.S.C. § 1331(a) to review the validity of HEW's reimbursement procedures. That decision controls this case. The plaintiffs argue that MacDonald can be distinguished because § 405(h)'s bar to jurisdiction applies only to appeals from findings and decisions of the Secretary, and here the plaintiffs sued because HEW held no hearing. But this court decided in American Association of Councils of Medical Staffs v. Califano, supra at 1372, that the lack of an "administrative hearing or decision . . . does not serve as a relevant distinction from MacDonald." Id. at 1372; Accord, Trinity Memorial Hospital v. Associated Hospital Services, 570 F.2d 660, 667 (CA7, 1977).
 
 
 4
 We have held that Medicare plaintiffs whose claims are barred by § 405(h) may go to the Court of Claims. American Association of Councils of Medical Staffs v. Califano, supra at 1373; Dr. John T. MacDonald Foundation v. Califano, supra at 332.[1] The Court of Claims does not have the power to grant the plaintiffs' request for declaratory and injunctive relief, but it can decide the issue raised by the plaintiffs because they have requested damages. See American Association of Councils of Medical Staffs v. Califano, supra at 1373.
 
 
 5
 Pursuant to 28 U.S.C. Sec. 1406(c), the appeal is DISMISSED and the cause is TRANSFERRED to the Court of Claims. See Dr. John T. MacDonald Foundation v. Califano, 571 F.2d 328 (CA5) (en banc), cert. denied, ------ U.S. ------, 99 S.Ct. 250, 58 L.Ed.2d 238(1978).
 
 
 
 [1]
 The Court of Claims held in Whitecliff, Inc. v. U. S., 536 F.2d 347 (Ct.Cl.1976), Cert. denied, 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977), that its jurisdiction was not affected by § 405(h)