835 F.2d 880
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WALBER CONSTRUCTION CO., Plaintiff-Appellant,
v.
DEPARTMENT OF HUD, Defendant-Appellee.
 No. 86-1991.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1987.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and CHARLES M. ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the briefs and records, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 The plaintiff is a construction company organized as a sole proprietorship. In the spring of 1978, the plaintiff and the defendant, a federal administrative agency, entered into a series of contracts to rehabilitate several private homes in Detroit, Michigan, for their ultimate resale to qualified buyers. Each of the form contracts entered into by the parties referred to the federal regulation containing the standard "termination for the convenience of the government" clause. Under that clause, the defendant at its own initiative, was entitled to terminate the contracts when its contracting officer determined that it was in the best interest of the government to do so. The same clause required that any claim for the value of money and services expended by the contractor prior to termination (a "termination claim") be filed within one year of the effective date of termination. If such a claim was not filed by the contractor in a timely fashion, the clause further provided that no right of appeal would exist from the decision of the government's contracting officer.
 
 
 4
 In September and October of 1978, five of the seven disputed contracts were terminated for the convenience of the government. The remaining two contracts were terminated for convenience in January of 1979. According to the affidavit of the defendant's contracting officer, four of the seven contracts were terminated because qualified buyers could not be found. The three remaining contracts were terminated because the plaintiff and defendant could not agree on the nature and expense of certain repairs to be made to the homes.
 
 
 5
 In December of 1980, after the time in which to file termination claims had expired in all seven contracts, the plaintiff submitted a termination claim on each contract to the defendant's contracting officer. The contracting officer denied the claims in their entirety, after which an administrative appeal to the defendant's board of contract appeals followed. At the board of contract appeals all of the plaintiff's termination claims were dismissed for lack of jurisdiction. An additional claim that the defendant had breached the contracts in bad faith was also rejected as being unsupported in the record. The plaintiff then unsuccessfully moved the board for reconsideration and for leave to appeal.
 
 
 6
 Upon review, we conclude that the district court properly dismissed the plaintiff's action.
 
 
 7
 Certainly the district court would have no jurisdiction to adjudicate plaintiff's termination claims under the Contract Disputes Act of 1978 (Act), 41 U.S.C. Secs. 601-13. The Act dictates that jurisdiction would lie in the United States Claims Court, in the case of a direct claim, or the United States Court of Appeals for the Federal Circuit, in the case of an appeal from the board of contract appeals. 41 U.S.C. Secs. 606 and 609(a)(1); Group Health Inc. v. Schweiker, 549 F.Supp. 135, 139 (S.D.Fla.1982). While the district court would have jurisdiction to adjudicate plaintiff's termination claims under the law in existence prior to enactment of the Act, see 28 U.S.C. Sec. 1346, it is obvious that plaintiff waived its right to appeal the contracting officer's decision by its failure to comply with the express terms of the contract. See Automatic Screw Products Co. v. United States, 169 F.Supp. 951 (Ct.Cl.1959). Accordingly, dismissal of the plaintiff's termination claims was proper under the law in existence prior to and after enactment of the Act.
 
 
 8
 The district court also was correct in its decision to dismiss plaintiff's bad faith breach of contract claim. To establish such a claim, a contractor must present undeniable proof that the government acted in bad faith. Kalvar Corp. v. United States, 543 F.2d 1298 (Ct.Cl.1976), cert. denied, 434 U.S. 830 (1977). The record contains no undeniable proof of bad faith. To the contrary, the sole proof on the issue, the affidavit of defendant's contracting officer, indicates that all the disputed contracts were terminated in accordance with the defendant's established policy in such matters.
 
 
 9
 No further discovery was warranted the plaintiff. The numerous extensions of time for discovery and assistance of counsel during a portion of the four years of litigation provided the plaintiff ample opportunity to establish the elements of its case. Accordingly, the district court did not abuse its discretion by refusing to grant the plaintiff a fifth extension of time in which to seek discovery. See McTighe v. Mechanics Educational Soc. of America, Local 19, AFL-CIO, 772 F.2d 210, 213 (6th Cir.1985); King v. National Industries, Inc., 512 F.2d 29, 34 (6th Cir.1975).
 
 
 10
 The plaintiff's final argument on appeal is that the district court misconstrued the nature of its sexual discrimination claim and failed to treat it as a claim distinct from the operation of the contract under the federal civil rights statutes found at 42 U.S.C. Secs. 1981, 1983 and 2000e. We reject this contention. The plaintiff's allegation of sexual discrimination was not presented in the district court as a distinct civil rights action under Title 42 of the United States Code. Accordingly, it cannot now be presented for initial consideration before this court. See Sigmon Fuel Co. v. TVA, 754 F.2d 162, 164-65 (6th Cir.1985). Moreover, even had the plaintiff presented its sexual discrimination claim before the district court, it is readily apparent that none of the civil rights statutes cited above would have afforded the plaintiff relief. Section 1981 addresses racially motivated discrimination, not sexual discrimination, and is therefore inapplicable. See Beauford v. Sisters of Mercy-Province of Detroit, Inc., 816 F.2d 1104 (6th Cir.), cert. denied, 108 S.Ct. 259, 98 L.Ed.2d 217 (1987). Section 1983 requires the plaintiff to have been denied federal constitutional or statutory rights by a defendant acting under color of state law, Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-57 (1978), which is clearly not the case under the facts giving rise to the present appeal. Finally, Section 2000(e), while ordinarily applicable to actions involving sexually motivated employment discrimination, has certain statutory prerequisites that must be satisfiedbefore plaintiff may successfully bring suit in district court. None of these prerequisites was shown to have been satisfied. Therefore, the plaintiff also failed to state a cognizable claim under 42 U.S.C. Sec. 2000(e). See Bird v. Summit County, Ohio, 730 F.2d 442, 444 (6th Cir.1984).
 
 
 11
 Accordingly, the judgment of the district court entered on July 21, 1986, is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior District Judge for the Western District of Kentucky, sitting by designation